CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 31, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOEL AARON BURRELL, | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-cv-00212 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| COMMONWEALTH OF VIRGINIA, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Joel Aaron Burrell, a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983. Burrell's complaint alleges deliberate indifference to his dental care needs. (Compl., Dkt. No. 1.) Burrell has sued Schram, a dental hygienist, and Dr. Moore, a dentist, along with the Commonwealth of Virginia and Chadwick S. Dotson. Before the court are motions to dismiss filed by the defendants. (Dkt. Nos. 15, 17.) Burrell filed an unsigned response to these motions. (Dkt. No. 24.) He then asked for an extension to respond. (Dkt. No. 26.) He was granted an extension and was advised that his prior response was unsigned in violation of Rule 11 of the Federal Rules of Civil Procedure. (Dkt. No.29.) He then filed a motion for judgment on the pleadings (Dkt. No. 30), which the court will consider as a response and as a separate motion. Defendants oppose this motion. (Dkt. Nos. 33, 34.) Additionally, Burrell has filed motions for an emergency transfer. (Dkt. Nos. 37, 39.)

For the reasons stated below, the motions to dismiss by the defendants will be granted in part and denied in part. Burrell's motions for judgment on the pleadings and for emergency transfer will be denied.[1]

---

[1] Burrell filed a motion for an extension of time to file a reply in support of his motion for judgment on the pleadings. (Dkt. No. 38.) The court will deny this motion as the court finds herein that Burrell's request for judgment on the pleadings must be denied as premature. Burrell's motions to appoint counsel and for issuance of subpoenas (Dkt. Nos. 35, 36) shall remain pending.

## I. BACKGROUND

### A. Plaintiff's Allegations

Burrell alleges that since his intake at the Virginia Department of Corrections on December 20, 2022, he has requested cavity fillings, a root canal, extraction of wisdom teeth, and teeth cleaning by a hygienist. (Compl. 2.) Burrell was told at Nottoway Correctional Center that he could not receive these services until he was transferred to his assigned housing facility. (*Id.*)

On February 22, 2023, Burrell was transferred to River North Correctional Center. Plaintiff received a teeth cleaning, but the other services were delayed due to there not being a permanent dentist at the facility. Burrell filed several complaints and grievances about toothaches and earaches from cavities and his wisdom tooth. He appealed to the Regional Administrator and VDOC but received no responses. Schram only responded that Burrell was listed for dental services, but there was still a long wait. (*Id.*)

Plaintiff submitted an emergency grievance on May 6, 2023, about having excruciating pain in the upper right side of his jaw from a toothache caused by a cavity. Burrell stated that he needed "stronger medication for pain management and/or a numbing gel." (Dkt. No. 1-1 at 9.) Plaintiff stated that he was having difficulty eating, may need a "temporary diet change," and had been having "severe chest pains, wheezing, and difficulty breathing." (*Id.*) Nurse Plaisance placed Burrell on a list to be seen by a dentist. (Compl. 2.)

Burrell filed a facility request on March 12, 2024, asking to schedule an appointment for a cleaning and to see a dentist for "cavity fill-ins." (Dkt. No. 1-1 at 8.) Schram received the request, and a response stated that Burrell was on "both lists." (*Id.*) However, Burrell was

2

transferred to Keen Mountain Correctional Center on April 3, 2024, without ever seeing a dentist for cavity fillings, root canal, or wisdom tooth extraction. (Compl.at 3.)

Upon arrival at Keen Mountain, Burrell submitted a facility request dated April 4, 2024, asking for dental services. Burrell asked "to be scheduled with hygienist for teeth cleaning and dentist for cavity fill-ins." (Dkt. No. 1-1 at 7.) Burrell received a response that there was no full-time dentist at Keen Mountain. (*Id.*) Burrell submitted another facility request to see a dentist and hygienist on May 28, 2024. (Dkt. No. 1-1 at 6.) Burrell was added to the schedule for a cleaning on June 3, 2024, but he missed that appointment. (Compl. at 3.)

Burrell submitted an additional facility request on July 17, 2024, complaining that he missed a scheduled dental appointment and asking to be rescheduled. (Dkt. No. 1-1 at 5.) Burrell received a trip pass for a teeth cleaning on August 2, 2024. Plaintiff's teeth were cleaned, but there was no dentist available for other services. Burrell notes that he submitted several grievances and complaints pertaining to these issues, but all he received was pain medication. (Compl.at 3.)

Burrell was examined by Dr. Moore on December 31, 2024, who said that Burrell did not need any fillings and that root canals and wisdom teeth extractions are not performed on site. Dr. Moore indicated he would perform an oral rinse to prevent gum infection. (*Id.* at 4.)

The complaint alleges that Burrell "remained in so much pain" that he submitted an emergency grievance to Nurse Hawk on January 30, 2025, that was not addressed. (Compl. at 4.) The pain "persisted" until Burrell was transferred to Wallens Ridge State Prison on February 27, 2025. Finally, on March 4, 2025, Burrell lost part of a tooth eating a fruit roll-up snack, causing "tremendous pain" especially while eating sweets, bread, or solid foods. (*Id.*)

3

Plaintiff alleges claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment, breach of contract, and gross negligence under state law. (*Id.* at 4.) He requests compensatory damages, punitive damages, and an injunction requiring a root canal, fillings, and cleaning at Wallens Ridge. (*Id.* at 5.)

## B. Procedural History

The motions to dismiss were filed by the Commonwealth, Dotson (Dkt. No. 15), Dr. Moore, and Schram (Dkt. No. 17) on July 14, 2025. Burrell filed what purports to be a response in opposition to the motions on October 14, 2025. (Dkt. No. 24.) The magistrate judge entered a minute order noting that the response (Dkt. No. 24)[2] was unsigned and was also untimely filed (Dkt. No. 29). The order granted Burrell an extension until December 17, 2025, to file a response to the motions to dismiss. (Dkt. No. 29.) Burrell filed a motion for judgment on the pleadings on December 29, 2025. (Dkt. No. 30.)

## C. Burrell's Motion for Judgment on the Pleadings, Responses to Motion to Dismiss

Burrell's motion for judgment on the pleadings appears to be a response to the motions to dismiss. The court will construe it as a response to the motions to dismiss and as a motion for judgment on the pleadings.

## II. ANALYSIS

## A. Rule 12(b)(6) Motion to Dismiss; Rule 12(c) Motion for Judgment on the Pleadings

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must

---

[2] The court will not consider this response because it was unsigned in violation of Rule 11 of the Federal Rules of Civil Procedure. "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

4

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Iqbal*, 556 U.S. at 678.  The court need neither accept a complaint's legal conclusions

drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable

conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  The

court, however, accepts as true the complaint's well-pleaded factual allegations and construes

these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to

the non-moving party.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255

(4th Cir. 2009).[3]

Pleadings by pro se litigants must be construed liberally.  *King v. Rubenstein*, 825 F.3d

206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are

not, however, without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.

1985).  A pro se complaint must still "state a claim to relief that is plausible on its face."

*Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the

pleadings, "after the pleadings are closed but within such time as not to delay the trial."  Fed. R.

Civ. P. 12(c).  The court applies the same standard as for motions to dismiss made pursuant to

Rule 12(b)(6).  *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

**B.  Rule 12(b)(6) Motion by Commonwealth of Virginia and Dotson**

Burrell cannot state any claims against the Commonwealth of Virginia because it is

immune from suit under the Eleventh Amendment.  *See Napier v. Ohai*, Case No. 7:23-cv-

---

[3] While the motion by Dotson and the Commonwealth is made pursuant to Rule 12(b)(6), the motion also invokes Rule 12(b)(1) based on Eleventh Amendment sovereign immunity.  Courts "have not been uniform as to whether a dismissal due to Eleventh Amendment sovereign immunity should be examined through Rule 12(b)(1) or Rule 12(b)(6)." *Shannon v. City of Richmond Va. Sheriff's Office*, Civil Action No. 3:22cv460, 2023 WL 2720806, at *4 n.9 (E.D. Va. Mar. 30, 2023).  The distinction makes no practical difference in this case because the court utilizes the same protections afforded under Rule 12(b)(1) as afforded under Rule 12(b)(6). *See id.*

00098, 2025 WL 2779900, at \*3 (W.D. Va. Sept. 26, 2025) (dismissing claims against the Commonwealth because the "Eleventh Amendment bars . . . claims under § 1983 and state law against the Commonwealth of Virginia . . . ."). Burrell also cannot state any claims for damages against Dotson in his official capacity because such claims are barred by the Eleventh Amendment. "Lawsuits against state officials in their official capacities . . . are the equivalent of suits against the state itself . . . . [B]ecause a state official sued in his official capacity stands in for the entity he represents, he is equally entitled to assert that entity's sovereign immunity from suit." *Scott v. Malone*, Civil No.: 8:25-cv-01587-JRR, 2026 WL 380533, at \*6 (D. Md. Feb. 11, 2026) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

To the extent that Burrell may be suing Dotson in his individual capacity, the court finds that Burrell has not plausibly alleged his personal involvement in any alleged violations. For an individual to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). A plaintiff "must plead that each Government-official defendant, through the Official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A viable § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Aside from naming Dotson in the caption of the form complaint, Burrell's allegations include no mention of Dotson at all. *See Williams v. Dotson*, Civil Action No. 7:25-cv-00522, 2026 WL 87652, at \*1 (W.D. Va. Jan. 12, 2026) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant . . . the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").).

6

However, the court does find that Burrell adequately pled an *Ex Parte Young*, 209 U.S. 123 (1908), claim for injunctive relief. "To successfully bring a claim against a state official in their official capacity for violation of the Constitution, plaintiffs must allege an ongoing violation of federal law and seek relief properly characterized as prospective." *Talley v. Folwell*, 133 F.4th 289, 298 (4th Cir. 2025). Burrell has been asking for dental care since pre-February 2023, including emergency grievances. He filed his complaint on March 2025. Thus, as alleged, he has been requesting dental care for over two years and has yet to receive appropriate care. His requests were met by being told dental care was not available, being placed on a never-ending list, or some pain medications. When he was seen by the dentist on December 31, 2024, he was told he did not need fillings and that extractions and root canals were not available on site. There is no indication that he was ever referred off-site, and no indication that he was properly treated after emergency grievances and after he lost part of a tooth on March 4, 2025.

Finally, regarding plaintiff's state law claims, Dotson argues that he cannot be held liable under a respondeat superior theory for the actions Dr. Moore and Schram. *See Lawhorne v. Harlan*, 200 S.E.2d 569 (Va. 1973). Dotson's brief also explains that the Virginia Supreme Court has limited the premise that public officers cannot be liable under the doctrine of respondeat superior. (Dkt. No. 16 at 10 n.2 (citing and discussing *First Va. Bank-Colonial v. Baker*, 301 S.E.2d 8, 12 (Va. 1983) (overruling *Lawhorne* in part and holding that a court clerk may be vicariously liable for the actions of deputized court clerks)).) Given the uncertain nature of the law in this regard, the court declines to dismiss this claim at the pleading stage as a matter of law.

For these reasons, the court will grant in part and deny in part the motion to dismiss filed by Dotson[4] and the Commonwealth of Virginia.

## C.  Rule 12(b)(6) Motion by Moore and Schram

The court construes Burrell's complaint as alleging three claims against Moore and Schram: (1) deliberate indifference to serious medical needs in violation of the Eighth Amendment; (2) breach of contract under state law; and (3) gross negligence under state law. The court finds that Burrell has stated an actionable Eighth Amendment claim and an actionable gross negligence claim, but his breach of contract claim will be dismissed.

### 1.  Eighth Amendment

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official's "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment." *Jackson*, 775 F.3d at 178. The inmate must demonstrate both a serious medical need, and that prison officials were deliberately indifferent to that need. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). The first prong is objective—the prisoner must show that "the deprivation of a basic human need was objectively sufficiently serious." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). In the medical context, a basic human need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko*, 535 F.3d at 241.

The deliberate indifference standard requires that "a prison official know of and disregard the objectively serious condition, medical need, or risk of harm." *Shakka v. Smith*, 71 F.3d 162,

---

[4]  The court notes that Dotson is now the former Director of the Virginia Department of Corrections. Accordingly, as Burrell has stated a claim for an ongoing violation, the new Director, Joseph Walters, may be required to make an appearance in this matter.

166 (4th Cir. 1995); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  An inmate therefore must demonstrate the prison official's "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Jackson*, 775 F.3d at 178.  In addition, negligence or medical malpractice in diagnosis or treatment do not, standing alone, establish an Eighth Amendment claim for deliberate indifference.  *Wright*, 766 F.2d at 849.  Thus, "disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim." *Wright*, 766 F.2d at 849.

Burrell argues that his need for a tooth extraction was a serious medical need.  (Dkt. No. 30 at 6.)  Defendants do not contend that Burrell's dental issues were not serious under the objective prong of the analysis.  Instead, they argue that they were not deliberately indifferent to those needs under the subjective portion of the Eighth Amendment standard.

Against defendant Schram, Burrell alleges that she is a dental hygienist at River North. (Compl. 2.)  At River North, Burrell alleges that he "placed multiple Facility Requests for cavity fillings, root canal, extraction of wisdom teeth and teeth cleaning." (*Id.*)  As to Dr. Moore, Burrell alleges that he was "examined by Dr. Moore for x-rays of cavities, in which he said [Burrell]'s teeth didn't need fillings, and that root canals and extractions of wisdom teeth aren't performed on site." (Compl. 4.)  As noted herein, this is part of an over two-year period where Burrell alleges receiving inadequate dental care, resulting in a lost tooth.  A plausible conclusion from Burrell's allegations is that he was never referred for appropriate, off-site care.  Thus, the court finds that Burrell has plausibly alleged Eighth Amendment claims against Moore and Schram.

### 2. Gross negligence

In Virginia, gross negligence constitutes "that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another." *City of Lynchburg v. Brown*, 613 S.E.2d 407, 410 (Va. 2005). "This requires a degree of negligence that would shock fair-minded persons, although demonstrating less than willful recklessness." *Cowan v. Hospice Support Care*, 603 S.E.2d 916, 918 (Va. 2004). "Because 'the standard for gross negligence [in Virginia] is one of indifference, not inadequacy,' a claim for gross negligence must fail as a matter of law when the evidence shows that the defendants exercised some degree of care." *Elliot v. Carter*, 791 S.E.2d 730, 732 (Va. 2016) (quoting *Kuykendall v. Young Life*, 261 F. App'x 480, 491 (4th Cir. 2008)).

Burrell correctly states the law that "a claim for gross negligence under Virginia law requires a lesser showing of recklessness than a claim for deliberate indifference under the Eighth and Fourteenth Amendments." *Hixson v. Hutcheson*, Civil Action No. 5:17-cv-00032, 2018 WL 814059, at *6 (W.D. Va. Feb. 9, 2018). (Dkt. No. 30 at 11.) Because plaintiff has plausibly alleged a claim for deliberate indifference, which is a higher standard to satisfy than a gross negligence claim, the court will deny the motion to dismiss with respect to this claim.

### 3. Breach of contract

Burrell alleges breach of contract premised upon the failure to attend to his dental needs by following VDOC Operating Procedure 720.6, "Dental Care". (Compl. 4.) Breach of a prison operating procedure does not implicate federal constitutional rights. *See Riccio v. Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990). To the extent that Burrell is attempting to state a claim under state law, the elements of a breach of contract in Virginia are (1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation, and (3)

injury or damage to the plaintiff caused by the breach of obligation. *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004). Burrell has not plausibly alleged any of the required elements of a breach of contract claim. Any claim that a prison operating procedure could form the basis of a breach of contract claim is dubious at best. *See, e.g.*, *Talbert v. Correctional Dental Assoc.*, No. 18-5112, 2020 WL 890212, at *5 (E.D. Penn. Feb. 21, 2020) (dismissing breach of contract claim based upon alleged violations of prison policy because an inmate "cannot accept an officer from the State Correctional Institution or reach a meeting of the minds upon the terms of the handbook").

Burrell's breach of contract claim will be dismissed.

### D.  Rule 12(c) Motion by Burrell

Burrell, as noted, has filed a motion for judgment on the pleadings. To the extent that his motion is properly construed as such a motion, it is premature because the pleadings are not closed in this matter. "Filing a motion for judgment on the pleadings before the pleadings are closed renders the motion premature . . . . The pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering." *Yanez v. Walker*, Civil Action No. 5:24-cv-00025, 2024 WL 4635208, at *4 (W.D. Va. Oct. 31, 2024). Here, all defendants have filed motions to dismiss instead of answering. Accordingly, the pleadings are not closed, and Burrell's motion will be denied as premature.

### G.  Motions for Emergency Transfer

Burrell requests an "emergency transfer," citing an "identity theft scheme" involving "the wardens" and "D. Zook". (Dkt. No. 37.) Burrell also claims that his JP6 player was issued to him on November 18 but not delivered "for an identity theft scheme." (*Id.*) In an additional

11

motion, Burrell asks if it is "possible for the Judges to entertain an emergency transfer to a Department of Corrections outside Virginia." (Dkt. No. 39.)

Motions for a transfer by a prisoner are considered motions for injunctive relief. *See, e.g.*, *Campbell v. Smith*, C.A. No. 0:08-3668-PMD-PJG, 2009 WL 3111975, at *1 (D.S.C. Sept. 28, 2009) (explaining that a "request for a transfer to a different penal institution" is "essentially" a request for "preliminary injunctive relief"). A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Burrell's claims about an identity theft scheme are lodged against individuals who are not parties to this lawsuit and are unrelated to his claims about inadequate dental care. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

The court will deny Burrell's motions for a transfer.

## III.  CONCLUSION

The court will issue an appropriate order granting in part and denying in part defendants' motions to dismiss, denying plaintiff's motion for judgment on the pleadings, and denying plaintiff's motions for emergency transfer and for an extension of time.

Entered: March 30, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

13